**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                 **CRIMINAL NO. 3:02CR60**

**TYRIEK KEARNEY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On February 7, 2007, the above styled matter came before this Court for a hearing on the Amended Petition for Warrant or Summons for Offender Under Supervision filed by John Miller on January 26, 2007. The defendant was present in person and by counsel, Carmela Cesare. Assistant United States Attorney, Paul T. Camilletti, and United States Probation Officer John Miller appeared on the government's behalf.

## PROCEDURAL HISTORY

On February 9, 2001, the defendant was sentenced to a term of incarceration for twenty seven (27) months to be followed by thirty six (36) months of supervised release. The Defendant's supervised release commenced on December 30, 2004. On January 26, 2007, the United States Probation Office filed an amended petition for Warrant or Summons for Offender Under Supervision, alleging that Defendant had violated his supervised release. On January 31, 2007, an arrested warrant was issued pursuant to this amended petition. Subsequently, the defendant was arrested and detained pending a hearing on the amended petition.

## DISCUSSION

As an initial matter, the Court confirmed that the defendant examined the petition and the alleged violations with his attorney. After the Court's inquiry, the parties indicated that they had reached an agreement regarding the disposition of the allegations. Pursuant to the agreement, the defendant would serve a twelve (12) month term of incarceration with credit for time served commencing on January 3, 2007 and following incarceration, two years of supervised release in Philadelphia, Pennsylvania.

Before accepting the agreement, the Court informed the Defendant of the rights given up by his decision to admit to the violations in the petition. In response, the defendant indicated his desire to waive his due process rights and to enter a plea pursuant to the agreement. As such, the Court accepted the defendant's waiver of a hearing and accepted his admission to all the violations alleged in the petition.

## FINDINGS OF FACT AND CONCLUSIONS

This Court recommends the following findings of fact based upon clear and convincing proof from the uncontested and admitted allegations contained in the petition:

1. The defendant knowingly and voluntarily waived his rights and admitted guilt concerning the allegations in the amended petition filed on January 26, 2007.

2. On June 6, 2005 the defendant was arrested on a Domestic Assault Charge. According to the criminal complaint the Domestic Assault occurred on May 30, 2005 in Berkeley County, West Virginia.

3. On or about May 26, 2005, the defendant quit his job at Code Plus Components located in Martinsburg, West Virginia. He failed to notify his probation officer of

his change in employment.

4. During the beginning of June 2005, the defendant left the apartment where he was staying and failed to notify his probation officer of his change in residence.

5. On April 21, 2005, the Defendant tested positive for Marijuana use. He was directed to participate in two, one hour counseling sessions a month with Anita Ryan. The Defendant failed to appear for his appointments with Ms. Ryan on June 1, 2005 and June 15, 2005.

6. On March 8, 2006, the defendant was arrested in Philadelphia, Pennsylvania and charged with "Firearms Not to Be Carried Without License; Carry Firearms Public in Philadelphia; Possession of Firearms Prohibited: and Receiving Stolen Property." These charges are still pending.

7. The Defendant had never received permission from his Probation Officer to travel outside of the district.

8. During an office appointment on April 21, 2005, the defendant submitted a urine sample that was confirmed positive for the use of Cannabinoids.

9. On March 6, 2005, the defendant and his girlfriend were involved in a domestic disturbance. The defendant was stabbed by his girlfriend, but neither party sought charges against the other so the matter was dropped.

10. All of these actions constitute violations of mandatory conditions of the defendant's supervised release.

11. There is a preponderance of evidence establishing the defendant violated the mandatory conditions of his supervised release requiring that he not illegally possess

a controlled substance.

12. There is a preponderance of evidence establishing the defendant violated the mandatory conditions of his supervised release that he shall not commit another federal, state or local crime.

13. There is a preponderance of evidence establishing the defendant violated the mandatory conditions of his supervised release that he notify the probation officer ten days prior to any change in residence or employment.

14. There is a preponderance of evidence establishing the defendant violated the special condition of his supervised release that he participate in a program of testing, counseling and treatment for the use of alcohol or drugs, if so ordered by his Probation Officer.

15. There is a preponderance of evidence establishing the defendant violated the mandatory conditions of his supervised release that he shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

16. There is a preponderance of evidence establishing the defendant violated the mandatory conditions of his supervised release that he shall not leave the judicial district without permission of the court or probation officer.

17. The defendant and the government have agreed that the government will recommend the minimum of twelve (12) months incarceration with credit for time served from January 3, 2007, followed by two (2) years supervised release to be served in Philadelphia, Pennsylvania.

**RECOMMENDATIONS**

This Court respectfully recommends the following:

1. The defendant's supervised release be revoked;

2. The district court should adopt the agreement and sentence the defendant to twelve (12) months incarceration, followed by two(2) years of supervised release to be served in Philadelphia, Pennsylvania.

3. The defendant be given credit for time served in jail as a result of his arrest on the pending petition; defendant has been incarcerated since January 3, 2007.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to the defendant and all counsel of record herein.

**DATED** this 8th day February, 2007.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE